EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> Juan Sáez Burgos | 2005 TSPR 63 <br><br> 163 DPR _____ |

Número del Caso: TS-4464


Fecha: 29 de abril de 2005


Abogado de la Parte Peticionaria:

Por Derecho Propio

Oficina de Inspección de Notarías:

Lcda. Carmen H. Carlos
Directora


Materia: Conducta Profesional
(La suspensión será efectiva el 6 de mayo de 2005
fecha en que se le notificó al abogado de su
suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las decisiones
del Tribunal. Su distribución electrónica se hace como un
servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Sáez Burgos            TS-4464

PER CURIAM

San Juan, Puerto Rico, a 29 de abril de 2005.

El 30 de enero de 2004, mediante Opinión Per Curiam, suspendimos al licenciado Juan Sáez Burgos del ejercicio de la notaría.[1] Conforme fuera ordenado, se incautó su sello y obra notarial.[2] En ese momento, la única obra que se

---

[1] La sanción respondió al incumplimiento del Lcdo. Sáez Burgos con su obligación de remitir índices mensuales sobre actividad notarial.

[2] El abogado entregó en la Oficina del Alguacil del Tribunal Supremo su sello y un Registro de Testimonios luego de dos intentos frustrados del Alguacil del Tribunal de llevar a cabo la orden de incautación. En ambas ocasiones el Lcdo. Sáez Burgos expresó que le era imposible entregar los referidos objetos porque se encontraban bajo la custodia de un amigo en una finca cuya dirección exacta desconocía.

pudo incautar fue un Registro de Testimonios.[3]

Concluidos los trámites de la suspensión de la notaría y la aprobación del Registro de Testimonios, la Directora de la Oficina de Inspección de Notaría, Lcda. Carmen H. Carlos, compareció ante este Tribunal por motivo de otro problema con la obra notarial del Lcdo. Sáez Burgos. En esta ocasión nos informó que varios ciudadanos habían llamado a su oficina pidiendo la expedición de copia certificada de escrituras autorizadas por el Lcdo. Sáez Burgos en el año 1993, las cuales no constaban en los documentos incautados. Luego de realizar una búsqueda en los índices notariales del referido abogado, se encontró que éste había autorizado doscientas veintitrés (223) escrituras en 1993 y dos (2) escrituras en 1995 y no había entregado los protocolos correspondientes a esos años. Al requerirle la Inspectora de Protocolos explicaciones, el Lcdo. Sáez Burgos expresó que no había entregado sus protocolos porque los había dejado bajo la custodia de otra persona a quien no podía localizar.

Enterados de esto, el 11 de febrero de 2005 concedimos un término de veinte (20) días al Lcdo. Sáez Burgos para entregar los protocolos de los años 1993, 1994 y 1995. Le apercibimos que el incumplimiento con nuestra

---

[3] Luego de notificar unas deficiencias, y que el Lcdo. Sáez Burgos las corrigiese, la Oficina de Inspección de Notarías aprobó el referido registro.

Resolución conllevaría la suspensión inmediata de la abogacía.

El 15 de marzo de 2005, el Lcdo. Sáez Burgos compareció y solicitó una prórroga de seis (6) meses para "tratar de localizar y/o reconstruir" su obra notarial. Expresó que creía que ésta se encontraba en una finca en Vega Baja que había sido confiscada por una agencia federal y luego saqueada y vandalizada.

Con el beneficio de las comparecencias del Lcdo. Sáez Burgos y de la Oficina de Inspección de Notarías, procedemos a resolver.

I.

El Art. 48 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2072, dispone que los protocolos pertenecen al Estado aun cuando su conservación se confía en los notarios. Son éstos los que responden por la integridad de un protocolo y, de perderse o deteriorarse, se repondrán a expensas del notario. En otras palabras, el notario es custodio de los protocolos, y tiene el deber de guardarlos celosa y responsablemente. In re: González Maldonado, 2000 TSPR 192, res. el 20 de diciembre de 2000, In re: Sánchez Quijano, 148 DPR 509 (1999), In re: Ríos Acosta, 128 DPR 412 (1991). Conforme al concepto de que la propiedad del protocolo pertenece al Estado y es sólo su custodia la que corresponde al notario, el Art. 23 de la referida Ley Notarial, 4 LPRA sec. 2077, prohíbe que se extraiga el protocolo de la oficina en que se custodie, salvo por

orden judicial o autorización de la Oficina de Inspección de Notarías. In re: Sánchez Quijano, *supra*.

El Reglamento Notarial también recoge dicha prohibición en su regla 58, 4 LPRA Ap. XXIV R.58, en la que condiciona el traslado físico de los protocolos de la oficina del notario a obtener la autorización previa de la Directora de la Oficina de Inspección de Notarías. Ni siquiera el que ha sido autorizado como notario sustituto podrá remover los protocolos de la oficina en donde se custodien. 4 LPRA Ap. XXIV, R. 18. Sólo se puede obviar el requisito de autorización previa de la Directora cuando existe una emergencia que ponga en peligro la integridad del protocolo. En esos casos se podrá proceder con el traslado a un lugar seguro, pero deberá notificarse y justificarse la actuación de emergencia inmediatamente a la Oficina de Inspección de Notarías. 4 LPRA Ap. XXIV, R. 58.

Examinado el derecho, veamos su aplicación en este caso.

## II.

Los hechos ante nos revelan un craso incumplimiento del Lcdo. Sáez Burgos con las disposiciones de la Ley Notarial y su Reglamento. Dicho incumplimiento es independiente del que motivó su suspensión del ejercicio de la notaría.

En primer lugar, el Lcdo. Sáez Burgos ignoró su deber de custodio de los protocolos e hizo caso omiso de la

prohibición de removerlos de su oficina sin la debida autorización. Según la propia admisión del abogado a la Inspectora de Protocolos, la licenciada Marla D. Ríos Díaz, él dejó los protocolos bajo la custodia de otra persona cuyo paradero ahora ignora. En su última comparecencia ante nos, en la moción solicitando prórroga para entregar los protocolos, el Lcdo. Sáez Burgos una vez más puso de manifiesto su violación al deber de guardián de sus protocolos puesto que expresó que éstos "deben" estar "en una finca que frecuentaba durante esos años, en el Municipio de Vega Baja." La falta de certeza del Lcdo. Sáez Burgos en cuanto al lugar en dónde se encuentran sus protocolos no permite otra conclusión que no sea que fue un muy pobre celador de éstos y que no observó la norma que exige una autorización previa de la Directora de la Oficina de Inspección de Notarías para trasladarlos físicamente.

Por otra parte, la conducta del Lcdo. Sáez Burgos con relación a la incautación de su obra notarial indica desinterés en el cumplimiento de las órdenes de este Tribunal. Aun consciente de que el Alguacil del Tribunal actuaba por órdenes nuestras, el Lcdo. Sáez Burgos en dos ocasiones se negó a entregarle sello u obra notarial alguna, por razón de que se encontraban en una finca y con un amigo cuya dirección desconocía. Cuando por fin hizo entrega al alguacil de su "obra notarial", incluyó sólo un Registro de Testimonios, sin expresar que ésa no era toda

su obra notarial, induciendo a error tanto al Alguacil como a la Oficina de Inspección de Notarías, que dieron por cumplida nuestra orden de incautación.

Por último, debe notarse que en nuestra Resolución de 11 de febrero de 2005 le concedimos un término de veinte (20) días al Lcdo. Sáez Burgos para hacer entrega de los protocolos de los años 1993 al 1995 y le apercibimos que su incumplimiento con la Resolución conllevaría su suspensión inmediata de la abogacía. No cumplió.

### III.

Las actuaciones del Lcdo. Sáez Burgos, y su incumplimiento con la Ley Notarial y su reglamento trascienden de la esfera notarial y requieren que ejercitemos nuestra facultad disciplinaria con relación a su función como abogado. *Véase*, In re: Capestrany Rodríguez, 148 DPR 728 (1999). Ante su inobservancia de las normas más fundamentales que rigen a los notarios y su falta de interés en el fiel cumplimiento de las órdenes de este Tribunal, se suspende inmediata e indefinidamente al Lcdo. Sáez Burgos del ejercicio de la abogacía.

Juan Sáez Burgos deberá notificar a todos sus clientes de su suspensión y consiguiente inhabilidad para continuar representándolos. Deberá también devolverles sus expedientes y los honorarios correspondientes a trabajos no realizados. Además, deberá notificar oportunamente su suspensión a los distintos foros judiciales y administrativos del país. Dentro del término de treinta

(30) días, el abogado suspendido deberá certificar a este Tribunal el cumplimiento de estos deberes, notificando de ello también al Procurador General.

Para facilitar al Alguacil de este Tribunal a incautarse de los protocolos en controversia y de cualquier otra obra notarial que aún no haya sido entregada, el señor Sáez Burgos deberá informarle el nombre completo de la persona a cuyo cargo dejó los protocolos, así como sus teléfonos y última dirección conocida. También deberá informar los datos de la finca en que dejó los protocolos y de cualquier otra persona que pudiese ayudar a localizar los mismos. De encontrarse los protocolos, el Alguacil los incautará y entregará a la Oficina de Inspección de Notarías para el trámite correspondiente. Si no se localizaren los protocolos, el Alguacil deberá informarlo a este Tribunal para que se inicie el procedimiento de reconstrucción conforme dispone la Ley Notarial.[4]

Se dictará Sentencia de conformidad.

---

[4] El Art. 55 de la Ley Notarial, 4 LPRA sec. 2079, regula el procedimiento a seguirse cuando se ha perdido o destruido un protocolo. Debe señalarse que, conforme dispone el Art. 48 de la referida Ley, 4 LPRA sec. 2072, un protocolo perdido o deteriorado se repondrá a expensas del notario.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Sáez Burgos                           TS-4464

SENTENCIA

San Juan, Puerto Rico, a 29 de abril de 2005.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia decretando la suspensión inmediata e indefinida de Juan Sáez Burgos del ejercicio de la profesión de abogado. Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para continuar representándolos y de devolverles sus expedientes y cualesquiera honorarios recibidos por trabajo no realizado. Además, deberá informar de su suspensión a los foros administrativos y judiciales del país. Dentro del término de treinta (30) días a partir de la notificación de la presente, deberá certificar al Tribunal el cumplimiento de estos deberes, notificando también al Procurador General de Puerto Rico.

Por ultimo, se le impone a Juan Sáez Burgos el deber de proveer al Alguacil de este Tribunal toda información pertinente para la localización de sus protocolos. Se ordena al Alguacil de este Tribunal, de encontrar los protocolos, a incautarlos inmediatamente y entregarlos a la Directora de la

Oficina de Inspección de Notarías. Si no se proveyere información conducente a encontrar los protocolos o, aun proveyéndose, éstos no se pudieren localizar, el Alguacil lo informará a este Tribunal para que, a expensas del señor Sáez Burgos, se reconstruyan los protocolos perdidos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo